HAMITER, Justice
 

 (dissenting).
 

 Conceding for the sake of argument (but for that purpose only) that the main and first alternative propositions of plaintiff are without merit, he should be granted relief herein, in my opinion, under his prayer for reformation.
 

 If White were the present owner of the property and the plaintiff herein, unquestionably he would have the right to have the deed reformed as against his vendors and their heirs so as to show the true intention of the parties thereto with respect to the date. Being the successor in title of White, this plaintiff acquired and now possesses that right.
 

 And the record before us warrants a correcting of the deed to show the date thereof as November 12, 1935, the evidence conclusively showing, as I appreciate it, that such was intended by all parties concerned, and was the actual date, rather than December 12, 1935, which was inserted by inadvertence and mutual mistake.
 

 According to the record White and one J. S. Lowery were acquiring adjoining 40-acre tracts from the Williamses under identical transactions. Each was to receive a deed on November 12, 1935, and, at the same time, give six promissory notes. When prepared the two deeds and the 12 notes were dated December 12, 1935. Later, however, the word “December” was changed to read “November” on all of those instruments except on the deed in favor of White. Lowery and White appeared together and signed their respective deeds and notes at the same time, they testifying emphatically and, without being contradicted, that this was on November 12, 1935. When completed White’s deed bore the date of December 12, 1935, although all of his notes carried the date of November 12, 1935, as is disclosed by photostatic copies thereof found in the record and as is further disclosed by the following provision in his deed:
 

 “The price for which the above sale is made is the sum of Six Hundred and no/ 100 ($600.00) Dollars, evidenced by the six (6) promissory notes of the vendee each for the sum of $100.00, dated November 12th, 1935, drawn and made payable to the vendors, the first on November 12th, 1936, and one note due annually thereafter until all six notes are paid in full with interest at the rate of eight per cent per annum from date until paid.”
 

 
 *587
 
 On the other hand Lowery’s deed and notes when completed were uniform as to date, all being dated November 12, 1935.
 

 In the light of these circumstances the conclusion is inescapable that mutual error was committed in the dating of White’s deed and that the parties intended the date to be, and it actually was, November 12, 1935. And this conclusion is fortified by the following provision of White’s original contract of sale:
 

 “The party of the second part agrees to move on the said premises and have cleared and ready for the plow as much as 15 acres of land and to build one 3 room dwelling thereon before or by November 12, 1935, at which time parties of the first part agree to make to party of the second part a good and merchantable title to the said premises * *
 

 Long prior to that date White had fulfilled all of the conditions of his agreement.
 

 With White’s deed thus reformed (bearing the date of November 12, 1935), there •must be reached the further conclusion that the mineral interest reserved by the Williamses has been lost by the prescription of 10 years liberandi causa. The overwhelming preponderance of evidence is that operations for the drilling on the land in question were not commenced until after November 14, 1945.
 

 I respectfully dissent.